## WALZEL v. SCHUHMACHER CO.
### No. 7729.

Court of Civil Appeals of Texas. Austin.
July 27, 1932.

Rehearing Denied Aug. 17, 1932.

E. A. Wallace, of Cameron, for appellant.

S. M. Burns, of Cameron, for appellee.

BLAIR, J.

Appellee sued appellant for an alleged balance of $167.15 upon open account for merchandise; and recovered judgment for $167.-15, both in the justice court and on appeal in the county court; hence this appeal, which presents two questions, as follows:

(1) That the court erred in admitting in evidence the account attached as an exhibit to appellee's petition, because it showed no credits and did not contain sufficient data to enable the jury to balance the account.

(2) That the undisputed evidence shows that payments and credits for goods returned exceeded in amount the total of all merchandise charged against appellant; and that the jury's verdict for $167.15 was therefore not supported by any evidence.

 It was not error to admit in evidence the account attached to appellee's pleadings. Invoices were offered showing each item of the account attached; and appellant did not dispute any item, but admitted that he received the merchandise, except four invoices of goods offered in evidence. Appellant al-

so put in evidence a list of credits taken from appellee's books showing the account. The jury had the invoices and the list of credits; and since the invoices showed each item of the account attached to the petition, the introduction in evidence of the account could not possibly have injured appellant, if erroneously admitted.

 Under the evidence adduced the jury's verdict for $167.15 is excessive, in that the items of indebtedness charged, less the lists of credits admitted, will not support a verdict for more than $140.51. The evidence shows that from September 28, 1928, to May 27, 1929, appellant purchased merchandise from appellee aggregating $3,970.63, and that the account was credited on appellee's books with cash payments and returned goods, aggregating $4,156.91, of which credits $238.62 were incorrect, because appellant had not been charged with the five items aggregating that sum, which would leave credits aggregating $3,918.29. This amount deducted from the total purchases would leave a balance due on the account of $52.34. The evidence, however, is not conclusive that this $52.34 is the correct balance due; and the following evidence would support the jury's verdict for $140.51: In March, 1929, appellee rendered appellant a statement of his account, showing a balance due of $979.63. Appellant claimed that two items of this account, one for $67.11, and one for $108.85, were incorrect, to which appellee agreed, and its April 29, 1929, statement to appellant credited the account with these two items, which with other credits left a balance on that date of $698.-27. Appellant introduced this April 29, 1929, statement of his account in evidence, and testified that "after that I ceased to do business with them except one or two purchases." His purchases on May 3, 20, and 27, 1929, according to the invoices in evidence, aggregated $59.24, which, when added to the balance of $698.27, shown to be due by the April 29, 1929, statement, would aggregate an indebtedness of $757.51. As to how this indebtedness was paid, appellant only offered the list of payments shown on appellee's books after April 29, 1929, which cash payments aggregated $617. This sum deducted from the $757.51 of indebtedness would leave a balance due of $140.51, which is the greatest amount that the evidence adduced will sustain. The judgment of the trial court will accordingly be reformed so that appellee recover of appellant $140.51, with interest at 6 per cent. from the date of the trial court's judgment.

Reformed and affirmed.